UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JEFFREY SMITH,** | ) No. |
| | ) |
| Plaintiff, | ) |
| | ) Judge |
| vs. | ) |
| | ) Magistrate Judge |
| **CITY OF CHICAGO, Chicago Police Officers VINCENT FRANCONE, RONALD ZUNIGA, And TENA AL FARAH** | ) |
| | ) |
| | ) Jury Demand |
| | ) |
| **Defendants.** | ) |

# COMPLAINT

## JURISDICTION AND VENUE

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 § 1983; the judicial code, 28 U.S. §§ 1331 and 1343(a); and the Constitution of the United States.

2. Venue is proper in this District under 28 U.S.C. 1391(b). The parties reside in this judicial district and the events that are the basis of these claims occurred in this judicial district.

## PARTIES

3. Plaintiff Jeffrey Smith is an African American resident of the City of Chicago in the state of Illinois.

4. Defendant Chicago Police Officers Vincent Francone, Ronald Zuniga and Tena Al Farah were, at the time of this incident, duly appointed Chicago Police Officers. Defendants were on duty and acting within the scope of their employment with the City of Chicago and under the color of state law, ordinance and/or regulation at the time of this incident. Each is sued in his or her individual capacity.

1

5. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois. It was the employer and principal of the Defendant Police Officers at all relevant times, and is responsible for the policies, practices and customs of its Police Department, City Council, Office of Professional Standards, Independent Police Review Authority, and Police Board.

**FACTS**

6. In the evening of October 8, 2015, Mr. Smith was sitting on the porch of a residence at 4036 W. 21st Place in Chicago, Illinois.

7. Plaintiff Smith began walking through the front yard of the residence towards the sidewalk in order to accompany his sister to the store.

8. Defendant Chicago Police Officers Zuniga and Francone, who were driving together, stopped their vehicle outside of 4036 W. 21st Place and without cause or justification demanded that Plaintiff Smith put his hands up and get on the ground.

9. Defendant Officers exited their vehicle and, without permission or consent, entered the front yard of the residence, causing Plaintiff Smith to back up farther into his yard.

10. While in the yard of 4036 W. 21st Place, without cause or justification, Defendant Officer Francone shoved Mr. Smith, causing him to stumble backwards.

11. When additional officers, including Defendant Officer Tena Al Farah, arrived at 4036 W. 21st Place, Plaintiff Smith was still standing in the front yard with his hands up.

12. Moments later, without cause or justification and without warning, Defendant Al Farah deployed her Taser gun against Smith, striking him in his stomach, pelvic and groin areas, causing him great pain and to feel as if he were paralyzed.

13. With the Taser probes still attached to his body, Plaintiff Smith fell to his knees on to the ground, which was wet from the rain.

14. Defendant Officers Francone and Zuniga had the duty and opportunity to intervene on Plaintiff Smith's behalf, but did nothing to assist him.

15. The Defendant Officers then pushed Plaintiff Smith to the ground, pushed his face into the wet grass, and handcuffed his hands together.

16. Plaintiff Smith was then transported to Chicago Police District 10.

17. While in custody at the Tenth District, Plaintiff Smith continued to painfully suffer from the Taser probes which were still attached to his body, and he yelled repeatedly for help.

18. While still in police custody, Plaintiff was eventually taken to Mt. Sinai Hospital where he was treated for the injuries he sustained as a result of the unnecessary and excessive force used by the Defendant Officers.

19. The individual Defendant Officers agreed they would falsely and maliciously charge Plaintiff Smith with Aggravated Battery of a Police Officer and Plaintiff Smith was thereby compelled to retain counsel and appear in court to defend himself on several occasions.

20. In an attempt to justify their unnecessary and excessive use of force, Defendant Officers filed false and misleading statements in police reports and lied under oath in a court of law, making false claims that Plaintiff battered Defendant Officers Zuniga and Francone.

21. For more than a year, Plaintiff Smith faced false felony charges as a result of Defendant Officers' false and misleading statements.

22. Despite Defendant Officers false and misleading statements and testimony, a jury, after a three day trial, acquitted Plaintiff Smith, and the criminal proceedings were thereby terminated in his favor.

23. All of the named individual Defendants, acting jointly and together reached an understanding, engaged in an ongoing course of conduct and joint action and otherwise conspired and continue to conspire among themselves to deprive Plaintiff of his constitutional rights. This conspiracy is evidenced, *inter alia*, by the overt acts set forth above and below. By and through these overt acts, each and every defendant jointly and in conspiracy, with a shared understanding, intent, and/or meeting of the minds, deprived and continues to deprive Plaintiff of his constitutional rights, including his right to be free from unreasonable arrest, seizure, and the excessive use of force, as protected by the Fourth and Fourteenth Amendments to the United States Constitution.

24. As a direct and proximate result of Defendants' actions referenced above, Plaintiff's Constitutional rights were violated, and Plaintiff suffered injury, including, but not limited to, loss of liberty, physical injuries, loss of job, emotional distress and other mental and emotional injury and trauma.

## COUNT I
### [42 U.S.C. § 1983 Claim for Excessive Force].

25. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

26. The acts of Defendant Officers Al Farah and Francone as set forth in the facts above, individually jointly, and/or in conspiracy, violated Plaintiff Smith's Fourth Amendment right to be free from the use of excessive and unreasonable force as guaranteed by the Fourteenth Amendment and were a direct and proximate cause of his injuries, as set forth more fully above.

WHEREFORE, Plaintiff Smith demands substantial actual or compensatory damages against Defendants Francone and Al Farah and, because they acted maliciously, wantonly and/or oppressively, punitive damages, plus the costs of this action, attorney's fees and such other relief as this Court deems equitable and just.

## COUNT II
### [42 U.S.C. § 1983 Claim for False Arrest and Malicious Prosecution]

27. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

28. Defendant Officers Zuniga, Francone and Al Farah, acting individually, jointly, and/or in conspiracy, proximately and directly caused Plaintiff to be arrested, detained and prosecuted for aggravated battery without probable cause, thereby violating Plaintiff's rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution to be free from unreasonable searches and seizures and to due process of law.

29. In December of 2016, the prosecution terminated in Plaintiff Smith's favor when he was acquitted at the conclusion of his criminal trial.

30. The unconstitutional actions of the Defendants named above were the direct and proximate cause of Plaintiff's pain and suffering, mental anguish and humiliation, loss of personal freedom, loss of employment, and expenses, as set forth more fully above.

WHEREFORE, Plaintiff Smith demands substantial actual or compensatory damages against Defendants Francone, Zuniga and Al Farah and, because they acted maliciously, wantonly and/or oppressively, punitive damages, plus the costs of this action, attorney's fees and such other relief as this Court deems equitable and just.

## COUNT III

### [42 U.S.C. § 1983 Claim for Failure to Intervene]

31. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

32. Defendants Vincent Francone and Ronald Zuniga had both the opportunity and duty to intervene on behalf of Plaintiff in order to prevent the constitutional violations described above, but declined or refused to do so.

33. The actions and inactions by the Defendants named above were the direct and proximate cause of the violations of Plaintiff's Fourth and Fourteenth Amendment rights, as set forth in Counts I and II above, his pain and suffering, mental anguish and humiliation, loss of personal freedom, loss of employment, and expenses, as set forth more fully above.

WHEREFORE, Plaintiff Smith demands substantial actual or compensatory damages against Defendants Francone, Zuniga and Al Farah and because they acted maliciously, wantonly and/or oppressively, punitive damages, plus the costs of this action, attorney's fees and such other relief as this Court deems equitable and just.

## COUNT IV

### [42 U.S.C. § 1983 *Monell* Claim]

34. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

35. The unconstitutional actions of Defendants, as alleged above, were done pursuant to one or more interrelated *de facto* policies, practices and/or customs of the Defendant City of Chicago, acting through and by its Police Department, Police Superintendents, Police Board, Mayors, and City Council.

36. These interrelated *de facto* policies, practices, and customs included, *inter alia*:

a) The use of unreasonable force by deploying Tasers against suspects that pose no threat or are only passively resisting, causing suspects great pain and suffering,

and, in several instances, to die.

b) The failure to properly train, supervise, investigate or discipline CPD officers with regard to the use of Tasers, resulting in Chicago police officers unnecessarily using Tasers as a tool of convenience and/or punishment.

c) The police code of silence, whereby police officers refuse to report or otherwise cover-up instances of police misconduct, and/or the fabrication, suppression, and destruction of evidence of which they were aware, despite their obligation under the law and police regulations. Said code of silence also includes police officers either remaining silent or giving false and misleading information during official investigations and Grand Jury proceedings in order to protect themselves and/or fellow officers from internal discipline, civil liability, or criminal charges, and perjuring themselves in criminal cases where they and/or their fellow officers have coercively or otherwise unconstitutionally interrogated a suspect, arrestee or witness, unnecessarily deployed a Taser or otherwise used excessive force, or falsely detained, arrested, imprisoned and/or prosecuted a criminal defendant;

d) The failure to properly train, supervise, discipline, transfer, monitor, counsel and/or otherwise control police officers, particularly those who were repeatedly accused of abuse and excessive force; of making and/or facilitating wrongful detentions, false arrests, malicious prosecutions and wrongful convictions, and of making false reports and statements, including, but not limited to, Defendants Zuniga and Francone, who have not been properly or sufficiently disciplined for repeated acts of police misconduct,

37. The *de facto* policies, practices and customs set forth in paragraph 36 above in above are interrelated and exacerbate the effects of each other. The direct and proximate result was that Defendants Francone, Zuniga and Al Farah, acted as though they could violate the Constitution with impunity.

38. These policies, practices and customs separately and together, encouraged, *inter alia*, widespread police misconduct, including, but not limited to, the unreasonable use of Tasers and other excessive and unreasonable force, the fabrication of evidence, the making of false statements and reports and giving false testimony, and false detentions, arrests, imprisonments and malicious prosecutions; were implemented and continued with deliberate indifference; and were, separately and together, a moving force and a direct and proximate cause of the unconstitutional acts committed by the Defendants in this case and the injuries sustained by Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chicago for substantial compensatory damages, plus costs and attorney's fees and whatever additional relief this Court finds equitable and just.

## COUNT V
### [State Law Claim for Malicious Prosecution]

39. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

40. Defendant Officers Zuniga, Francone and Al Farah, acting individually, jointly, and/or in conspiracy, directly and proximately caused Plaintiff to be prosecuted for Aggravated Battery on a Peace Officer thereby improperly subjecting Plaintiff to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in Plaintiff's wrongful prosecution and imprisonment, and his consequent injuries as set forth above.

41. In December of 2016, the prosecution terminated in Plaintiff Smith's favor when he was acquitted at the conclusion of his criminal trial.

42. As a direct and proximate result of this misconduct, Plaintiff suffered pain, suffering, mental anguish, emotional distress and humiliation, loss of personal freedom, loss of employment and expenses, as set forth more fully above.

WHEREFORE, Plaintiff Smith demands substantial actual or compensatory damages against Defendants Francone, Zuniga and Al Farah and because they acted maliciously, wantonly and/or oppressively, punitive damages, plus the costs of this action, attorney's fees and such other relief as this Court deems equitable and just.

## COUNT VI
### [State Law Claim for Conspiracy]

43. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

44. Defendants Francone, Zuniga and Al Farah, together reached an understanding, engaged and continue to engage in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to maliciously prosecute Plaintiff.

45. In furtherance of this conspiracy or conspiracies, the Defendants named above, together with their unsued co-conspirators, committed the overt acts set forth in the facts above.

WHEREFORE, Plaintiff Smith demands substantial actual or compensatory damages against Defendants Francone, Zuniga and Al Farah and, because they acted maliciously, wantonly and/or oppressively, punitive damages, plus the costs of this action, attorney's fees and such other relief as this Court deems equitable and just.

## COUNT VII

### [State Law Respondeat Superior Claim]

46. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

47. Defendants Francone, Zuniga and Al Farah were, at all times material to this complaint, employees of the Defendant City of Chicago, were acting within the scope of their employment, and their acts which violated state law are directly chargeable to the Defendant City under state law pursuant to *respondeat superior*.

WHEREFORE, Plaintiff demands judgment against the City of Chicago for any and all compensatory damages awarded on Plaintiff's state law claims against the Defendants named in this Count, plus the costs of this action and whatever additional relief this Court deems equitable and just.

## COUNT VIII

### [745 ILCS 10/9-102 Claim Against Defendant City of Chicago]

48. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

49. Defendant City of Chicago is the employer of Defendants Francone, Zuniga and Al Farah.

50. Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, pursuant to 745 ILCS 10/9-102, Plaintiff Smith demands judgment against defendant City of Chicago in the amount awarded to the Plaintiff against any and all Defendants as compensatory damages, attorneys' fees, costs and interest, and/or for any settlement entered into between the Plaintiff and any Defendant, and for whatever additional relief this Court deems equitable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: June 30, 2017                                       Respectfully submitted,

/s/ Shubra Ohri_____

G. Flint Taylor, Shubra Ohri
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, IL 60642
(773) 235-0070


/s/ Jeffrey Urdangen\_\_\_\_\_
Jeffrey Urdangen
Clinical Associate Professor
Director
Center for Criminal Defense
Bluhm Legal Clinic
Northwestern Pritzker School of Law
750 N. Lake Shore Drive, Suite 800
Chicago, IL 60611
(312) 503-7413