UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17-C-4902 |
| | ) | |
| v. | ) | Judge John J. Tharp |
| | ) | |
| CITY OF CHICAGO, ET AL. | ) | Magistrate Judge Daniel |
| | ) | G. Martin |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

JOINT STATUS REPORT

Pursuant to the Court's February 14 Order, the parties respectfully submit the following Joint Status Report with respect to their efforts to reach an agreement on a Confidentiality Order in this matter:

Preliminary Statement

This is a § 1983 and Illinois common law case involving allegations of police misconduct, including excessive force, false arrest, and malicious prosecution. *See* R. 1, Complaint. Defendants ask this Court to enter a modified version of the Model Confidentiality Order contained in the Local Rules R. 52. The parties disagree over the Confidentiality Order's treatment of CR files, which contain at least some information that remains confidential even after *Kalven v. City of Chicago*, 2014 IL App (1st) 121846, 7 N.E.3d 741 (1st Dist. 2014) ended the practice of according blanket confidentiality protection to such files.

1

Defendants' proposed Confidentiality Order differs from this District's Model Confidentiality Order by setting forth a public release procedure for CR files. R. 52, Ex. A, Proposed Confidentiality Order, ¶ 2. Under this procedure, defendants would produce requested CR files under the protection of the Confidentiality Order and without any still confidential information therein redacted. *Id.* If, in the course of preparing his claims for trial, plaintiff determines that he needs a redacted copy of a CR file for use outside the limits of the Confidentiality Order, defendants will then provide a redacted copy of that CR file within 30 days of written notice from Plaintiff. *Id.*

Plaintiff objects to this procedure and proposes that the Confidentiality Order instead provide: "Two copies of CR files will be produced simultaneously, a clean copy for attorney's eyes only, and a redacted copy that may be disseminated to the public."

The parties have conferred, unsuccessfully, with respect to this issue in person, by telephone and by email last Fall, in January and most recently on February 14 in response to the Court's February 14 Order. After making every effort to resolve this issue, the parties remain at an impasse and set forth below their respective reports.

<u>Defendants' Report</u>

The parties remain at an impasse because of good faith differences over the nature of these proceedings and the law governing the treatment of CR files herein.

As defendants understand it, plaintiff's position is that, even if defendants show that there is a great deal of still confidential information in CR files and that the burden of redacting CR files is both immense and unnecessary for the adjudication of this case, defendants still must provide redacted copies of all CR files – whether plaintiff has need for redacted CR files for purposes of this case or not – because *Kalven* overrides Fed. R. Civ. P. 26(c) and requires that all CR files produced herein be made publicly available, as if this were an IFOIA proceeding in addition to a civil rights case. Plaintiff views the purpose of these proceedings as not just to adjudicate plaintiff's claims but also to secure the public release of CR files. Defendants disagree, and provide the following additional brief account of the recent conference, organized around basic points defendants made:

1) The sole purpose of these proceedings is to secure the just, speedy, and inexpensive determination of plaintiff's claims; there is no parallel purpose to secure the public release of CR files. In federal civil lawsuits, in contrast to IFOIA cases, there is no public right of access to unfiled discovery.

2) There is a great deal of information in, or quite possibly in, CR files that remains confidential post-*Kalven*; identifying and redacting such information is very tedious and labor intensive; and redacting all CR files in this case would be very expensive and burdensome, for both the individual claims (approximately 50 CR files) and for the *Monell* claim (hundreds of CR files). Plaintiff admitted that "personal identifiers" should be redacted. Defendants explained that every item on the redaction list in their proposed Confidentiality Order should be redacted and

3

that such redaction is supported not only by IFOIA exemptions but also, at least in many instances, by corresponding federal authority.

3) There is no need for purposes of this case to redact all CR files. A civil rights plaintiff's use of CR files is straightforward: the files are winnowed to a subset involving incidents that might yield Rule 404(b) and/or 608 evidence; contact information in the files is used to locate and interview complainants and witnesses to these incidents; plaintiff then identifies any of these persons he intends to call as witnesses. Plaintiff identified no other use of CR files. Redacted CR files are unnecessary to these tasks.

4) Defendants asked a number of times what need plaintiff has for purposes of this case to have all CR files redacted and why plaintiff cannot accept a production of un-redacted CR files and then, if plaintiff later encounters a need for a redacted CR file, at that point use the public release procedure to obtain a redacted copy of that CR file. This strikes a legally proper and eminently reasonable balance: it greatly reduces the expense and burden incurred by defendants while still allowing plaintiff the full use of CR files as necessary to prepare his claims. Plaintiff identified no need for *en masse*, or indeed any, CR file redaction for purposes of preparing his claims; instead, plaintiff stated that "as a matter of public policy" defendants had not "met their burden" and *Kalven* requires a redaction of all CR files.

Finally, defendants, who after the parties were at impasse initiated in January a further meet and confer with plaintiff in an unsuccessful attempt to

resolve this issue without motion practice, respectfully ask that, before deciding this issue, the Court review their Motion for Entry of Confidentiality Order, R. 52, which defendants can re-file if necessary, and allow defendants to address orally the points raised by plaintiff below, some of which are new. While defendants have assiduously observed the Court's directive that "no further briefs should be submitted" and provided the requested "status report concerning [the parties'] meeting," R. 54, plaintiff's below report is in large part a brief, even including, as exhibits, copies of cases and the Jill White affidavit that is an exhibit to defendants' Motion. In their Motion, defendants, among other things, explained at length why plaintiff's cited cases are inapposite and of no weight herein and very much the exception,[1] cited numerous cases in which courts have entered defendants' proposed Confidentiality Order and otherwise cited substantial authority and evidence in support of their points. R. 52, ¶¶ 7-15. In fairness, defendants' Motion and the explanation defendants can provide orally on such points as why the White affidavit in fact is compelling and apt evidence, should be considered along with plaintiff's below submission.

## Plaintiff's Report

1.  Defendants' proposed Confidentiality Order is nearly identical to proposed orders rejected by Judge Gottschall in *Jackson v. City of Chicago*, No. 14 C

---

[1] The exception is *Sokol*, 13-C-5653, R. 39, not cited previously by plaintiff and so not addressed in defendants' Motion, but defendants now have reviewed *Sokol* and respectfully state that, for reasons defendants can explain at the hearing, *Sokol* has not caused defendants to reconsider their position because *Sokol* is inapposite, involving neither the same Confidentiality Order nor the same showing of burden as are involved here.

6746, 2017 WL 5478303 (N.D. Ill. Nov. 14, 2017), Judge Amy J. St. Eve in *Sokol v. City of Chicago,* No. 13 C 5653, 2014 WL 5473050, at *1 (N.D. Ill. Oct. 29, 2014); Magistrate Judge Susan E. Cox in *Fuentes v. City of Chicago*, No. 15 C 10895 (N.D. Ill. August 3, 2016), Dkt. 42, and Judge Rebecca R. Pallmeyer in *Wade, et al v. City of Chicago*, et al 16-C-9022 (N.D. Ill. December 21, 2016), Dkt.60. See Exhibit 1.

2. Plaintiff objects to Defendants' Proposed Confidentiality Order because it treats CR files as presumptively confidential unless Plaintiff gives Defendants 30 days' written notice of a request for a redacted copy.

3. Protective orders may be entered "'for good cause,' to protect litigants and third parties from the 'annoyance, embarrassment, oppression, or undue burden or expense' that may attend the discovery process." *Bond v. Utreras,* 585 F.3d 1061, 1073 (7th Cir. 2009) (citing Fed. R. Civ. P. 26(c)(1)).

4. There is no good cause for Defendants' proposed order, especially in light of the Illinois Appellate Court's decision in *Kalven v. City of Chicago*, which held that CR files are not exempt from disclosure pursuant to Illinois FOIA and therefore are open to public inspection and scrutiny.

5. Other than vaguely stating that there are "approximately 50 CR files"[2] and producing an affidavit from City of Chicago Law Department paralegal Jill Antonucci White, Defendants have not offered any support for its contention that producing redacted CR files would be burdensome.

---

[2] CR files, of course, can differ drastically in length depending on the case.

6

6. The affidavit of Ms. White appears to be from an entirely different case and falls far short of demonstrating good cause for keeping CR files in this case secret. In her affidavit, Ms. White complains generally about the "tedious and labor-intensive" process of redacting CR Files, but says nothing about the amount of labor required to redact CR files at issue *in this case*.[3] See Exhibit 2. Moreover, the process suggested by the Defendants would only delay, rather than obviate, the all but inevitable redaction process.[4]

7. Defendants have offered no specific examples, but only stereotyped and conclusory statements as to why their proposed order should be entered.

8. In fact, there is no harm to balance because the proposed order would not be of any relief to the individual defendants. The redacted CRs are available via Illinois FOIA requests. The proposed order is therefore nothing more than an end run around the law.

9. Furthermore, Defendants' proposed order contains a list of redactions that will be made on the "redacted copy" upon Plaintiff's Request. This list seeks to import into this federal case what defendants contend are 37 categories of information that may be redacted in response to an Illinois FOIA Request. Yet, these redactions can be read as providing even greater protection from disclosures than under Illinois FOIA. For example, Defendants' proposed protective order

---

[3] To date, Plaintiff has only requested CRs related to the individual officer defendants.

7

includes categorical redaction rules for categories that require more nuanced balancing under Illinois law.

10. The Court should also reject this approach because under Illinois law, FOIA exemptions are not mandatory. 5 ILCS 140/7(1).

11. Therefore, Plaintiff respectfully requests that this Court reject Defendants' proposed Confidentiality Order and instead order that two copies of the defendants' CR files be produced simultaneously, a clean copy and a redacted copy.

Date: February 27, 2018.　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　THE CITY OF CHICAGO,
　　　　　　　　　　　　　　　　　　　　　OFFICER ZUNIGA, OFFICER
　　　　　　　　　　　　　　　　　　　　　FRANCONE and OFFICER
　　　　　　　　　　　　　　　　　　　　　AL FARAH

　　　　　　　　　　　　　　　　　　　By:　/s Timothy P. O'Connor
　　　　　　　　　　　　　　　　　　　　　　Their Attorney


　　　　　　　　　　　　　　　　　　　　　JEFFREY SMITH

　　　　　　　　　　　　　　　　　　　By:　/s Shubra Ohri
　　　　　　　　　　　　　　　　　　　　　One of his Attorneys


Timothy P. O'Connor
Meyer & O'Connor, LLC
Suite 1150
332 South Michigan Ave.
Chicago IL 60603
(312)-346-9000
Counsel for Defendants

Shubra Ohri
G. Flint Taylor
Brad Thomson
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, IL 60642
Counsel for Plaintiff

9

<u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby states that he caused a copy of the foregoing JOINT STATUS REPORT to be served upon:

Shubra Ohri
G. Flint Taylor
Brad Thomson
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, IL 60642

by electronic service through the Court's ECF filing system on this 27th day of February, 2018.

/s Timothy P. O'Connor

10