Plaintiff's Exhibit 2

STATE OF ILLINOIS )
                     ) SS
COUNTY OF COOK )

### AFFIDAVIT

I, JILL ANTONUCCI WHITE, having been duly sworn upon oath, depose and states as follows:

1. I am the supervising paralegal in the Federal Civil Rights Litigation Division of the City of Chicago's Law Department, and has been working in that capacity for 16 years.

2. One of my responsibilities is to supervise a staff of 6 paralegals who prepare documents for production requests received by the Division's attorneys in the course of Section 1983 litigation, including the case of *Duprey v. City of Chicago, et al.*, 15 C 111. This includes scanning, bates-stamping, providing confidentiality stamps, where appropriate, and making basic redactions.

3. Included among such documents are what are regularly referred to as Police Officer "Complaint Register" Files, or "CRs." Unlike regular one-to-ten page documents, a CR file is a full investigative file compiled of many documents, usually averaging, based upon my experience, anywhere from 50 to 150 pages long. Some, involving more extensive investigations, are literally hundreds of pages long. Most files also have numerous media attachments in the form of CDs and DVDs.

4. If a Freedom of Information Act (FOIA) request is received by the City, we, along with the Chicago Police Department, the Independent Review Authority, and other departments that handle law-enforcement-related documentation, use the attached "Attachment B" FOIA redaction guidelines that have been developed since the recent *Kalven* Illinois Appellate Court decision, which lifted the blanket confidentiality coverage for CR files, to ensure that the extensive confidential information still recognized under FOIA and still contained within those often large files are still protected from public dissemination. This protects the privacy and the

safety and security of the complainants, juveniles, third party witnesses and officers involved, as well as prevents against identity theft.

5. Although our Division is not the City Department that normally handles FOIA requests, we have been charged with fulfilling the City's FOIA legal obligations when requests for public dissemination of CRs obtained in pre-trial discovery are received by our office pursuant to our office's model protective order, which now provides, pursuant to *Kalven*, for a reasonable public release procedure for CR files produced in discovery, when such dissemination is requested. This is a very tedious and labor-intensive job for such large files. Nearly each and every page of the file contains redactions, and each must be read in context to ensure, among other requirements, personal identifying information is properly redacted. On average, our office is able to FOIA-screen about 5 CR files per week, depending on length and our other pending cases. Voluminous requests to FOIA-screen in excess of 500 pages severely hamper the operations of our office. When immediate, simultaneous public release of numerous files are requested, such as when a number of defendants are identified in a case who have all been on the police force for some time, or, worse, when there is a *Monell* claim involving sometimes hundreds or even thousands of such files at issue, it becomes simply unworkable, and the protections that FOIA is designed to ensure cannot be fulfilled within such a timeline. Literally, tens of thousands of pages can be involved in a *Monell* case.

6. Hence, a requirement for "contemporaneous" FOIA-screening (designations of specific redactions) of such complete CR files immediately upon production in pre-trial discovery will require the double production (two versions) of each file, one for litigation purposes and one for public dissemination. Under such a scenario, without initial conditional protection provided to the CR files at issue, the unredacted (non-FOIA) litigation format version cannot be produced in discovery until the FOIA version is completed. Hence, production of such discovery must therefore be delayed, subject to the office's ability to fully FOIA-screen all such files to fulfill its legal obligations. This can only be achieved, as stated above, on a long-term rolling basis, taking considerable time and effort, sometimes numerous weeks, if not numerous

2

Case: 1:17-cv-04902 Document #: 56-2 Filed: 02/27/18 Page 4 of 6 PageID #:781
Case: 1:17-cv-04902 Document #: 52-3 Filed: 02/13/18 Page 4 of 6 PageID #:749


months or more, especially in the *Monell* context. Instead, the City's proposed protective order, which we have been using very successfully over the last six months, allows for immediate facilitation of full discovery with conditional protection to the files, and allows our office to manage smaller, focused, non-voluminous requests for public dissemination of a few specific files, on a rolling basis, as actually needed by plaintiff's counsel. In fact, very few plaintiffs' counsel have even requested such public dissemination of CR files received in pre-trial discovery from our office since the public release procedure for CRs has been included in the City's proposed protective orders, pursuant to the *Kalven* decision.

7. On behalf of all our staff of paralegals at the Federal Civil Rights Litigation Division of the City of Chicago's Law Department, we ask the Court's indulgence in this very important issue for us, and that it not require "contemporaneous" FOIA redactions for CR files at time of pre-trial discovery production, and approve the City's practical, workable and reasonable public release procedure for CR files.

FURTHER AFFIANT SAYETH NOT.

_____
JILL ANTONUCCI WHITE
Supervising Paralegal
Federal Civil Rights Litigation Division
City of Chicago Department of Law

SUBSCRIBED and SWORN to
before me this ___ day
of April, 2015.

_____
Notary Public

OCTAVIA L. JACKSON
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires
January 05, 2018

3

## Attachment B – FOIA and Other Statutory Exemptions

| ITEM TO REDACT | EXEMPTION |
|---|---|
| Names of civilian witnesses | 5 ILCS 140/7(1)(d)(iv) |
| Names of civilian CR complainants | 5 ILCS 140/7(1)(d)(iv) |
| Names of confidential sources and information that can lead to the identification of them | 5 ILCS 140/7(1)(d)(iv) |
| Confidential information from confidential sources | 5 ILCS 140/7(1)(d)(iv) |
| Names of crime victims (unless they are deceased) | 5 ILCS 140/7(1)(c); 5 ILCS 140/7(1)(d)(iv) |
| Names of non-attorneys and non-government employees who are tangential to the incident (i.e., not witnesses) | 5 ILCS 140/7(1)(c) |
| Dates of birth | 5 ILCS 140/7(1)(c) **(Note: the year of birth and age should not be redacted)** |
| Personal telephone numbers (residential and mobile/cell) | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(d)(iv) |
| Personal email addresses | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(d)(iv) |
| Incident address when it is a home address | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(d)(iv) |
| Home addresses | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(d)(iv) |
| Information that could reveal a home address | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(d)(iv) |
| Social Security numbers of others | 5 ILCS 140/7(1)(a) – Illinois Identity Protection Act 5 ILCS 179/10(b)(1); 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(c); 5 ILCS 140/7(1)(d)(iv) |
| Driver's License numbers | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(d)(iv) |
| Personal license plate numbers | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(d)(iv) |
| IR numbers of victims and witnesses | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(c); 5 ILCS 140/7(1)(d)(iv) |
| Employee identification numbers | 5 ILCS 140/7(1)(b) |
| Signatures of non-government employee witnesses, victims and complainants | 5 ILCS 140/7(1)(b) – biometric identifier |
| Passwords or other access codes | 5 ILCS 140/7(1)(b) |
| Attorney-client communications, materials created at the direction of an attorney (e.g., internal memoranda) | 5 ILCS 140/7(m) |
| Medical records | 5 ILCS 140/7(1)(b) |
| OEMC records related to medical treatment (e.g., ambulance run sheets and EMS records) | 5 ILCS 140/7(1)(a) – HIPAA, 5 ILCS 140/7(1)(b) |
| Medical, psychiatric, counseling and substance abuse information summary | 5 ILCS 140/7(1)(c) |
| Juvenile law enforcement records | 5 ILCS 140/7(1)(a) - Juvenile Court Act 705 ILCS 405/1-7; 705 ILCS 405/5-905 |
| Financial account numbers | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(c); 5 ILCS 140/7(1)(d)(iv) |

| | |
|---|---|
| Credit/Debit card numbers | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(c); 5 ILCS 140/7(1)(d)(iv) |
| Photographs of victims and CR complainants | 5 ILCS 140/7(1)(c); 5 ILCS 140/7(1)(d)(iv); 5 ILCS 140/7(1)(d)(vi) |
| Photographs that are graphic in nature | 5 ILCS 140/7(1)(c) |
| Performance evaluations | 5 ILCS 140/7(1)(a) – Personnel Records Review Act 820 ILCS 40/11 |
| Command Channel Review | 5 ILCS 140/7(1)(f) |
| Information which is subject to a court order on an active case (e.g., a protective order) | 5 ILCS 140/7(1)(a) |
| Information the release of which would interfere with a pending investigation | 5 ILCS 140/7(1)(d)(i) |
| Information the release of which would obstruct an ongoing criminal investigation | 5 ILCS 140/7(1)(d)(vii) |
| Information the release of which would endanger the life/physical safety of Police personnel or another | 5 ILCS 140/7(1)(d)(vi) |
| Information the release of which would interfere with legal action related to the investigation | 5 ILCS 140/7(1)(d)(ii) – if disciplinary proceeding against officer; 5 ILCS 140/7(1)(d)(iii) – if prosecution of officer |
| Unique or specialized investigative techniques | 5 ILCS 140/7(1)(d)(v) |
| May prevent a fair trial (taint a jury pool) | 5 ILCS 140/7(1)(d)(iii) |