UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17-cv-4902 |
| | ) | |
| v. | ) | Judge John J. Tharp |
| | ) | |
| CITY OF CHICAGO, ET AL. | ) | Magistrate Judge Daniel |
| | ) | G. Martin |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
FOR ENTRY OF CONFIDENTIALITY ORDER**

Plaintiff, Jeffrey Smith, by and through his undersigned attorneys, responds as follows

to Defendants' Motion for Entry of a Confidentiality Order.

**Introduction**

This civil rights case arises out of the arrest, Tasering, and prosecution of Plaintiff who

was confronted by Defendant officers without justification in the yard of his grandparents' home

as he was trying to accompany his younger sister to the store. Defendants ask the Court to enter a

vastly modified version of the Model Confidentiality Order contained in the Local Rules by

applying a special protocol to production of the files of civilian complaints and internal

investigations of the Chicago Police Department, otherwise referred to as "CR Files." Plaintiff

objects to Defendants' Proposed Confidentiality Order because it treats Complaint Register

("CR") files as presumptively confidential unless Plaintiff gives Defendants 30 days' written

notice of a request for a redacted copy and because it proposes expansive categories for

redactions. There is no good cause for such an order, especially in light of the Illinois Appellate

Court's recent decision in *Kalven v. City of Chicago* which held that CR files are not exempt

1

from disclosure pursuant to Illinois FOIA and are therefore open to public inspection and scrutiny. 2014 IL App (1st) 121846 at ¶5 ("In sum, Section 7(1)(n) does not exempt CRs from disclosure. . .Moreover, defendants' interpretation is at odds with the purpose of FOIA, which is to open governmental records to the light of public scrutiny") (internal citations omitted).

For the reasons explained below, the Court should reject the City's proposed order. Plaintiff submits an alternative order, red-lined and cleaned versions attached as Exhibit 1, which fairly protects all of defendants' confidentiality interests. The Court should deny Defendants' motion and instead enter Plaintiff's alternative order.

## Legal Standard

"'Federal Rule of Civil Procedure 26(c) imposes a duty on a party seeking a protective order to demonstrate good cause for shielding documents from public scrutiny; to protect litigants and third parties from the 'annoyance, embarrassment, oppression, or undue burden or expense' that may attend the discovery process.'" *Bond v. Utreras,* 585 F.3d 1061, 1073 (7th Cir. 2009) (citing Fed. R. Civ. P. 26(c)). Absent such an order, "parties to a lawsuit may disseminate materials obtained during discovery as they see fit." *Jepson, Inc. v. Makita Elec. Works, Ltd., 30 F.3d 854, 858 (7th Cir. 1994).*

"To establish good cause…the moving party must make 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *McGee v. City of Chicago*, No. 04 C 6352, 2005 WL 3215558, at *1 (N.D. Ill. June 23, 2005) (quoting *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n. 16 (1981). Thus, the burden is on Defendants to prove good cause exists for their protective order. *See Jepson,* 30 F.3d at 858. In deciding whether good cause exists, "the district court must balance the interests of the parties, taking into account the harm to the party seeking the protective order and the importance of the disclosure to the

2

nonmoving party." *Rangel v. City of Chicago*, No. 10 C 2750, 2010 WL 3699991 (N.D. Ill. Sept. 13, 2010). In making this determination, courts look at several factors, including, but not limited to, whether Defendants have a strong privacy interest in the material, whether the information is important to public safety, and whether the moving party is a public official. *See Wiggins v. Burge,* 173 F.R.D. 226, 229 (N.D. Ill. 1997).

## Argument

In *Kalven v. City of Chicago*, the Illinois Appellate Court held that CR files are not exempt from disclosure under the Illinois Freedom of Information Act ("IFOIA"). 2014 IL App (1st) 121846 at¶ 22 (2014) (citing 5 ILCS 140/7(1)(b)). Although the *Kalven* decision is not binding on this court, it nonetheless warrants deference because it is the Illinois state court's interpretation of Illinois law. See *Jacobs v. City of Chicago*, No. 14 CV 5335, 2015 WL 231792, at *2 (N.D. Ill. Jan. 16, 2015) (citing *Bush v. Gore,* 531 U.S. 98, 112 (2000)). Moreover, though IFOIA does not control this court's determination of good cause, it can be helpful in making that determination. See *Jackson v. City of Chicago*, No. 14 C 6746, 2017 WL 5478303, at *2 (N.D. Ill. Nov. 14, 2017) (citing *Jacobs v. City of Chicago*, No. 14 CV 5335, 2015 WL 231792, at *2 (N.D. Ill. Jan. 16, 2015).

Defendants concede that pursuant to *Kalven v. City of Chicago*, 2014 IL App (1st) 121846, Illinois law does not allow for blanket confidentiality of CR files.[1] Defs. Motion at 1-2. Yet their proposed order seeks just that—to designate as confidential "*any* information contained within.. .*any*…Complaint Register files." *See* Defendants' Proposed Confidentiality Order, ¶ 2(a)

---

[1] In July 2014, the City of Chicago publicly announced a new policy with regard to CR files— that it would "release investigative files relating to allegations of police misconduct in response to Freedom of Information Act (FOIA) requests." *See* July 13, 2014 Press Release, attached as Exhibit 2.

(emphasis added). Under Defendants' proposed order, all CR files exchanged in this case would receive "preliminary protection" from public release; Plaintiff would be required to give Defendants 30 days' notice before CR files produced in discovery could be released but only after 37 or more types of redactions are completed by Defendants. The proposed order also provides that the parties would be permitted only to orally communicate information contained in CR files to witnesses, even though those witnesses could be shown these materials at their deposition. *Id.* at ¶ 2(b); 5(b)(7). Defendants' proposed order, therefore, treats CR files as presumptively confidential.

1. **Defendants Have Not Shown Good Cause For Their Proposed 30 Days' Notice Procedure**

There is no good cause for Defendants' proposed order, especially in light of *Kalven v. City of Chicago*. Indeed, the Model Confidentiality Order of the Northern District of Illinois declares in the final sentence of paragraph 2: "Information or documents that are available to the public may not be designated as Confidential Information." This cannot be reconciled with the Defendants' proposal to designate the Defendants' publicly available CR files as confidential in their entirety.

"The good-cause analysis requires a case-specific balancing of all of the facts and circumstances." *Jackson v. City of Chicago*, No. 14 C 6746, 2017 WL 5478303, at *2 (N.D. Ill. Nov. 14, 2017) (citing *Calhoun v. City of Chicago*, 273 F.R.D. 421, 422 (N.D. Ill. Apr. 8, 2011). Other than vaguely stating that there are "approximately 50 CR files" and producing an affidavit from City of Chicago Law Department paralegal Jill Antonucci White that offers little support for Defendants' specific position, Defendants have not offered any support for its contention that producing redacted CR files would be burdensome.

4

While Defendants have stated there are approximately 50 CR files at issue, as Defendants concede, the length of CR files can differ considerable in length. Defs. Motion at 7, ¶ 9. CR files' volumes differ depending on the case and length of the investigation and can therefore vary from a few pages to many. Indeed, Mayor Emmanuel's own Police Accountability Task Force reported that the Independent Police Review Authority closed approximately 40% of their investigations for lack of an affidavit without pursuing any investigation. Exhibit 3, Police Accountability Task Force Report (PATF) p. 71. Those closed CR files, therefore, would only be a few pages long. The Court and Plaintiff have no idea whether this is the case, which it likely is, for any of the CRs at issue here. To date, Defendants have not informed Plaintiff or this Court of the exact number of CRs that will be produced or their volume. The affidavit of Ms. White, offers no clarity regarding the nature of the CRs at issue. In fact, the affidavit appears to be lifted from an entirely different case and falls far short of demonstrating good cause for keeping CR files in this case secret[2]. In her affidavit, Ms. White complains generally about the "tedious and labor-intensive" process of redacting CR Files, but says nothing about the amount of labor required to redact CR files at issue *in this case*.[3] Attached as Exhibit 4.

Having offered no specific examples but only stereotyped and conclusory statements as to why their proposed order should be entered, Defendants' motion should be denied. *See generally Andrew Corp. v. Rossi*, 180 F.R.D. 338, 342 (N.D. Ill. 1998) ("The case law is clear: protective orders which would remove portions of the judicial process from public scrutiny

---

[2] It appears that Defendant City of Chicago uses the exact same affidavit in support of their proposed protective orders in case after case without any alteration.

[3] To date, Plaintiff has only requested CRs related to the individual officer defendants. Plaintiff has never indicated that he intends to seek several hundred CRs as part of his Monell claim, as Defendants state in their motion for entry of a confidentiality order. However, the numerous complaints against the individual Defendants are more likely to yield 404 (b) evidence against them and would also be relevant to Plaintiff's Monell claim.

cannot be granted with reckless abandon"). The proposed order is speculative, premature, and unnecessary. In fact, the process suggested by Defendants would only delay, rather than obviate, the all but inevitable redaction process. Moreover, nothing prevents Plaintiff from simply making a FOIA request for the same CR files, and publicly releasing them, because paragraph 2(b) "does not apply to materials obtained from sources other than discovery in this case." Defendants' Proposed Order, ¶ 2(b); *see Kuri v. City of Chicago*, No. 13 C 1653 (N.D. Ill. June 11, 2014), Dkt. 77, at 3 ("designating CR files disclosed through discovery as confidential would do little more than plug a hole in a levee that has already burst.") Attached as Exhibit 5. There is no harm to balance because the proposed order offers the individual defendants nothing—the CRs are available from another source with the same redactions Defendants would make. *See Wiggins*, 173 F.R.D. at 229. The proposed order is nothing more than an end run around the law. Thus, as publicly available documents, CR files cannot be treated as confidential in their entirety as Defendants propose.

In addition, rejecting Defendants' proposed order weighs in favor of the public's interest. Police officers are public employees, paid by the taxpayers. As Judge Castillo aptly explained in *Doe v. Marsalis*, police misconduct is a matter of public concern, and the public should have access to files containing evidence of police misconduct. 202 F.R.D. 233 (N.D. Ill. 2001) ("The only way to end this syndrome [caused by police misconduct] is to evaluate and reevaluate past practices. Unfortunately, the City cannot accomplish this on its own. Some of these issues require public debate and appropriate media scrutiny"); *see also Wiggins v. Burge*, 173 F.R.D. 226, 230 (N.D. Ill. 1997) ("the allegations of police misconduct contained in the disputed files must be exposed to the light of human conscience and the air of natural opinion"). The public's interest in transparency outweighs the officers' privacy interest and the minimal, still unspecified

burden that would accompany redacting the CRs. *See Rangel v. City of Chicago*, No. 10 C 2750, 2010 WL 3699991, at *4 (N.D. Ill. Sept. 13, 2010).

2. **Defendants Have Not Shown Good Cause For Their Proposed Expansive Redactions**

As part of this special protocol, defendants' proposed order contains a list of redactions that will be made on the screened copy. This list seeks to import into this federal case what defendants contend are 37 categories of information that may be redacted in response to an Illinois Freedom of Information Act Request. Yet, these redactions can be read as providing even greater protection from disclosures than under the Illinois *FOIA. See Jackson v. City of Chicago*, No. 14 C 6746, 2017 WL 5478303, at *7 (N.D. Ill. Nov. 14, 2017) (reviewing the same proposed protective order). Moreover, the Illinois FOIA exemptions are not mandatory. 5 ILCS 140/7(1) (producing body "may elect" to redact information that is exempt from disclosure under the Illinois FOIA). As Judge Gottschall concluded in *Jackson*, the way in which the proposed order characterizes the Illinois FOIA redactions "substitutes categorical rules for redaction even for things that require more nuanced balancing under Illinois law" and some of the categories include "subjective criteria not present in the cited statutory language." *Id.* at *3. Just as in *Jackson*, Defendants have not demonstrated good cause for including their proposed redaction categories.

This Court should therefore reject Defendants' approach. Instead, Plaintiff proposes this Court take the same approach the court followed in *Wade, et al v. City of Chicago, et al*, 16 CV 9022, Dkt. No. 103 (N.D. Ill. March 15, 2017) and simply state in the protective order that the screened copy will contain redactions of any information protected from disclosure by statute. This simple formulation avoids the confusion sowed by defendants' over-inclusive list of

7

categorical rules.  Order and the Confidentiality Order entered in *Wade* are attached as Exhibit 6.

3. **This Court Should Follow the Decisions of Other Courts Who Have Analyzed This Issue on the Record**

As Judge Gottschall observed in *Jackson v. City of Chicago*, since *Kalven* was decided there are almost no cases with an "on the record analysis" of the issue of protective orders and CRs. No. 14 C 6746, 2017 WL 5478303, at *2 (N.D. Ill. Nov. 14, 2017) (collecting cases). In *Jackson*, the court attempted to find cases with "on the record analysis," but was only able to identify one case - *Sokol v. City of Chicago*, No. 13 CV 5653, 2014 WL 5473050, at *3 (N.D. Ill. Oct. 29, 2014) (St. Eve, J.).  The court in *Jackson* reviewed the same protective order proposed by Defendants here, which was unopposed, and held that Defendants' did not demonstrate good cause to support the entry of such an order. The court in *Sokol* similarly rejected a protective order substantively similar to Defendants' proposed order as overbroad because it treated CRs as presumptivelyconfidential. *Sokol v. City of Chicago*, No. 13 CV 5653, 2014 WL 5473050 (N.D. Ill. Oct. 29, 2014).

Although not many courts have substantively reviewed protective orders similar to Defendants' proposed order, those that do most often reject it. *See Jackson v. City of Chicago*, No. 14 C 6746, 2017 WL 5478303 (N.D. Ill. Nov. 14, 2017), *Sokol v. City of Chicago,* No. 13 C 5653, 2014 WL 5473050, at *1 (N.D. Ill. Oct. 29, 2014); *Fuentes v. City of Chicago*, No. 15 C 10895 (N.D. Ill. August 3, 2016), Dkt. 42, *Wade, et al v. City of Chicago*, et al 16-C-9022 (N.D. Ill. December 21, 2016), Dkt.60, *Anderson v. Ward,* No. 13 CV 9056, Dkt. No. 47 (N.D. Ill. July 10, 2014)); *Kuri v. City of Chi.,* No. 13 CV 1653, Dkt. No. 77 (N.D. Ill. June 11, 2014). Cases attached as Exhibit 7.

In support of their motion, Defendants cite a string of cases that the court deemed unauthoritative in *Jackson*, because none of these cases provided an "on the record analysis.[4]" *Jackson*, 2017 WL5478303, at *2. Moreover, it appears that there were no discernible challenges to the protective orders at issue in the vast majority of the cases cited by Defendants.

Nonetheless, it is Defendants' position that Judge Gottschall was simply wrong, and that she mistakenly conflated IFOIA with federal civil discovery. Defendants attempt to justify their position by that stating there is no right of access to unfiled federal civil discovery, but in doing so they miss the point entirely. Defs. Motion at 9-12. This isn't a case of a third party intervenor seeking unfiled discovery; Plaintiff is, after all, a party to this lawsuit. Nor is Plaintiff seeking to reveal information already subject to a protective order. Indeed, the Seventh Circuit has stated "as a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings." *Jepson, Inc. v. Makita Elec. Works, Ltd.,* 30 F.3d 854, 858 (7th Cir. 1994) (citing *American Tel. & Tel. Co. v. Grady,* 594 F.2d 594, 596 (7th Cir.1978)); *see also Goesel v. Boley Int'l (H.K.) Ltd.,* 738 F.3d 831, 833 (7th Cir. 2013) ("Documents that affect the disposition of federal litigation are presumptively open to public view."). That is why a party seeking a protective order must justify by establishing good cause. The issue remains that Defendants have not been able to demonstrate with specificity why there is good cause to enter this protective order, and instead recycle the same general and conclusory language that has been rejected by courts that have reviewed their position. In light of the shifting weight of precedent on this issue, Defendants clearly cannot meet their burden in establishing good cause to justify the entry of their proposed protective order.

---

[4] The string of cases Defendants cite here were also cited by defendants in *Jackson v. City of Chicago*, No. 14 C 6746, 2017 WL 5478303, at *2 (N.D. Ill. Nov. 14, 2017).

For all these reasons, the Court should deny Defendants' motion and instead enter

Plaintiff's proposed order.

Date: March 15, 2018                                   Respectfully submitted,

                                                       /s/ Shubra Ohri_____

                                                       Shubra Ohri
                                                       G. Flint Taylor
                                                       Brad Thomson
                                                       PEOPLE'S LAW OFFICE
                                                       1180 N. Milwaukee Ave.
                                                       Chicago, IL 60642

                                                       Counsel for Plaintiff

10